Okay, Counsel, you may proceed. May it please the Court, Javier Mendez of the law firm of Lemery Grisler for the appellant. This case is an adversary proceeding that involved a complaint to quiet title to a property, allegedly conveyed by the debtor, Mr. Timothy Stallmer, through forgery and or false pretenses. Perpetrated by Marshall Doyle, his wife, and convicted criminal, and a disbarred attorney today. The trustee seeks a judgment declaring that the bankruptcy estate has a right to title to the property, free and clear, so that the equity may be used for the benefit of creditors. It should be noted that Mr. Stallmer has no interest in this claim. He received a bankruptcy discharge back in 2015. The question is whether the bankruptcy court and the district court erred in granting respondent's motion for summary judgment because there was an issue of fact related to Stallmer's execution and delivery of the deed in lieu of foreclosure. Why is there an issue of fact? I mean, he acknowledged that he signed it, and he's saying that he didn't read it, right? If he had read it, it would have been obvious what it was. It was obvious on his face, correct? Correct, Your Honor. However, he does clarify in his deposition. First of all, let's put this document into context. His wife had forged the mortgage and loan documents that led to this deed that was in lieu of foreclosure. This foreclosure- The deed itself is what it purports to be, right? The deed is what it purports to be, but it was obtained through- If he had read it, he would have seen what it was, correct? If he had read it, he would have seen what it was. And so he's saying, by virtue of the fact that he chose not to read it, to sign it without reading, he should be protected, or this is really the trustee's claim, as you mentioned. But the point is that the transfer of the deed would be void because he didn't bother to read it. Your Honor, I don't agree with that assertion. First of all, the bankruptcy court's decision in page 7 acknowledged that he was fraudulently induced to sign this deed. No question, according to what's in the record, that his wife said- If there's an issue of negligence, I think that that's an issue that is not on the record and should go to trial. He can be questioned on why he didn't read the document itself. That is an issue of fact. However, the bankruptcy court's decision on this motion for summary judgment is, in fact, that he was fraudulently induced. Now, the error in the bankruptcy court's decision is that the bankruptcy court concludes that he knew he was signing a deed at the time of the execution of the document. You submitted an affidavit in the bankruptcy court which said his testimony was that he thought he was signing a deed, that he was mistaken as to the reason he was being presented this deed, what its purpose was. But if you tell the bankruptcy court he thought he was signing a deed, why is it wrong for the bankruptcy court to find that he did? Well, the bankruptcy court's decision, which is stated in page 6 of the court's decision, the bankruptcy court decision relies on the district attorney's statement by Mr. Stalmer. In page 222 of the record here before this court, there is the deposition of Mr. Timothy Stalmer with questions by opposing counsel here where he clarified those statements saying, and I quote, I didn't know that I was signing a deed. I thought I was signing a note of some sort and later learned that it was a deed. In page 225 of the appendix, he further reaffirmed, I was signing a note for her, meaning Doyle, to get $10,000 from Richard Leese. Now, this goes into the core issue of this case, which is whether that deed is voidable or whether it is void. You're not contending, of course, that this signature was a forgery. There are different circumstances for forgery. One is the classic situation where a person signs. In this case, is it your position that the signature was for? Yes, correct, Your Honor. Could you help me understand that? Okay. The case law in Madsen, Faison v. Lewis, the actual case law that is cited by the bankruptcy court on the record, the Weiss decision and the Grimes decision, they all follow the same rule. Forgery may be obtained through fraudulent means by artifice, trick, or device. And the difference, the line in between it being a fraud, a voidable document versus a void document, goes into the knowledge of the person executing the document at the time the document is executed. Can I ask you just to address the appellate division in Cash v. Titan Financial Services? Okay. So that's a case similar to this one. And there the court concluded that a party is under an obligation to read a document before he or she signs it. And a party can't generally avoid the effect of the document on the ground that he didn't read it or know its contents. And so the court then goes on to say, now, where a party is unaware of the nature of the document and where they're basically incapacitated from reading it because they're illiterate or they're blind or they don't speak the language, and then they've been misled, that's a different story. But there's no suggestion here that your client was blind, illiterate, or didn't understand English. Well, Your Honor, that would throw off all of the cases that where the court has decided that, you know, a document has been fraudulently induced. Because in all of circumstances, most of circumstances, the person can read the document. The problem is that if the person is fraudulently induced to sign a document. And let's take into consideration, this was his wife that we're talking about here. This is a person that is a lawyer. And he is a layperson, okay? He is trusting on the judgment of his wife, a licensed attorney, telling him that this was a loan document. And he just signs it relying on her. Now, the issue here would make it voidable for some purposes. But it doesn't make it void as against the innocent purchaser down the road. That's the point, right? No, I disagree with that. Because here's the line. In Grimes and in Weiss, which are cited by the bankruptcy court, that's where the line is drawn. If person one signs a document believing it to be, signs a D, believing it to be another instrument because of the fraudulent conduct of person two, that document is considered a forgery because he believed it was a different instrument altogether. Aren't you worried about a policy that would encourage people not to sign or to claim, not to read or to claim that they didn't read the documents before signing them? I can't. The truth is that this is what the Court of Appeals of New York has decided. I mean, for the second example here, which makes the distinction, is that if the person signs the document believing it to be a D, but there was some fraudulent conduct as it relates to the quality, quantity, the purpose of the document, the object of the document, then that's the voidable document because it was fraudulently induced as to the contents of the document itself, but the person did intend to sign that document. Here, Mr. Stalmer's testimony is he thought he was signing a note, yet he signed a D. When did he sign this affidavit for deed in lieu of disclosure? He signed it. At what time? He signed it in, I have the exact date, he signed it on March 15th of 2013, Your Honor. At the same time he signed the deed? Yes. So he signed a deed and he signed an affidavit, a document with the title affidavit for deed? Yes. Yes. But those documents, they're all based on falsities, because the mortgage and the loan document that led to those documents were forged. All right. Thank you, Mr. Mendez. You've reserved two minutes on rebuttal. We'll now hear from Mr. Priori. Is that how I'm saying it? That's correct, Your Honor. Mr. Priori? Chris Priori, on behalf of the appellees in this case, this court should affirm both the district court and the bankruptcy court below for two primary reasons. One, there is no dispute that the debtor signed the deed and the estoppel affidavit. Two, the record establishes that at worst, the deed was executed as a result of fraud in the inducement, making the deed voidable rather than void ab initio. First, here, the standard of review is important. As this court noted in in re vabolunis and endorsed by the district court below, the bankruptcy court's findings of fact are reviewed by the circuit court for clear error and the conclusions of law de novo. As the circuit's former bankruptcy appellate panel once hyperbolically explained, clearly erroneous requires that the appellant bear a heavy burden and the decision below must strike the court with the force of a five-week-old unrefrigerated dead fish. Here, the record is replete with examples that the debtor both intended to sign the deed and understood he was signing a deed. Principally, that is the debtor's statement he made to the district attorney's office in connection with the criminal investigation of the debtor's wife. Moreover, the appellant admitted and reaffirmed the veracity of that statement multiple times in the Rule 56.1 statement. For example, Paragraph 10 and 11 at Appendix 303, 304, Paragraph 26, Appendix 308. Also in the appellant's statement of additional material facts at Paragraph 13, Appendix 310. Again, as this Court, I think, described before, the appellant also argued to the court below that the debtor's testimony was he thought he was signing a deed for a loan, Appendix 530. Second, it is important to note that the signatures on the document are both genuine. What's particularly telling is that the debtor, in connection with the deed in lieu of foreclosure, as Judge Kerse mentioned, he executed a 13-paragraph affidavit in support of the deed in lieu of foreclosure, Appendix 392 to 394. The affidavit sets forth in detail the circumstances surrounding the mortgage loan, the default of the mortgage loan, and the purpose of the conveyance back to the lender, Richard Lease. Yet the appellant asked this Court to ignore all of that and resolve the incredible assertion that there's a question of fact as to the debtor's knowledge at the time he signed the deed. Also, the bankruptcy court and the district court also looked at the presumption of intent to convey title. Here, the bankruptcy court determined that the appellant failed to rebut that presumption. As well as this Court points out that the negligence of the party signing the deed has to be a relevant consideration here. As we said before, the debtor failed to read and understand what the document he was signing was and the consequences he must conclusively be bound by. Those cases date back to 1930, the Court of Appeals case in In re Pepinillo. The Court stated that the signer of a deed expressive of a general act is conclusively bound as mine ever gave a tent, a sentence, excuse me, as a material. Again, in the Grimes case, which my friends cite, was not a forgery because despite the contradictory testimony in the record, the deed was clearly labeled and ignored. In that case, the label on the deed was labeled correction deed. Yet the grantor signed that deed willingly and was bound by. So let me ask you that. Yes. So if we have a situation, hypothetical, where a person signs a deed but is told this is a rental car agreement, but it says on its face deed and it lays out all the details, in your view, does the fact that he didn't read it, is that enough to say that he's bound? It might be voidable, but it's not void. I would agree with Your Honor that it makes the document voidable, not void ab initio and in that circumstance, title could convey, and in my case, my clients were bona fide purchasers and they're protecting title under Real Property Law 266. So the consequences of void versus voidable might be significant with respect to the person who fraudulently induced the signature or to the person who first got the deed, but it would be different with respect to your client who's a bona fide purchaser down the road. Is that what you're saying? Well, Your Honor, I think what I'm saying is that the consequence of a void deed is catastrophic for my clients. In other words, no one can take title subsequently. There was never, at the execution, if there's a failure to pass title, the deed is void ab initio and no one can be protecting title as a bona fide purchaser under the Real Property Law. I think the point here to make is that even if we assume and make the incredible assumption and give the benefit of every incredible doubt to the appellant's position, the fact that Your Honor pointed out he failed to read it is a major consideration, if not the consideration, which blunts that argument and cuts its knees out. And I think that's what both the Bankruptcy Court and the District Court recognized is that not only does the record show that the debtor intended to sign the deed, so it's not a forgery in the traditional sense. He intended to sign the deed, so there's an intent to convey title. Here, the intent to convey title was for the purpose of collateralizing the property for a note. The testimony was not that he was executing a note or believed he was executing a note. It was that he was signing a deed for the purpose of collateralizing the property for the purpose of a $10,000 loan. And indeed, the record shows that that was, in fact, the case. There was an advancement in the deed in lieu of support of the foreclosure. There was description of a $10,000 advancement to the Ms. Doyle and the debtor, the amount of $10,000. The deed was held for a year. When that loan was defaulted on, yet again, that is when title and the deed was recorded by Mr. Lee. So it was held for the purpose of a loan, exactly what the debtor testified to. He testified specifically and intelligently to the exact circumstance surrounding the transaction which had occurred in this case. So you're saying there's no factual dispute that he knew he was signing a deed? I don't believe so, Your Honor. And as I said before, the Rule 56.1 statement speaks for itself. The appellant did not even argue in the courts below that the debtor did not intend or know he was signing a deed. Their argument below was that the Bankruptcy Court resolved a credibility and made a credibility determination, and that's the reason why summary judgment should not have been granted. There is no necessary to make a credibility determination. We just have to take the debtor at his word. Again, the appellant even acknowledged that the testimony of the debtor was that he was signing a deed for the purpose of getting a loan. That's precisely what happened in this case. And now on appeal before this Court, they try to disavow that statement and divorce themselves of their prior arguments below and making contradictory arguments here. Are there no other questions, Your Honor? I rest on my brief. All right. Thank you. Thank you. We'll now hear from Mr. Mendez for two minutes of rebuttal. Your Honor, opposing counsel asked the Court to take the debtor for his word. I agree. Page 222 of the appendix and page 225 of the appendix has the debtor testifying in a deposition taken by my brother counsel here to the right, testifying that when he executed the document, it was a no. Now— Do you agree that in order to prevail here, you have to establish that the—that your client's signature on the document was a forgery? Yes, Your Honor, but not in the classical sense where another person signs the document. In what sense? Give me your definition of forgery. Forgery is the procurement of a signature on a deed by artifice, trick, or device, and the person believes it to be, because of the artifice, trick, or device, to be another instrument. Now, fraud, in contrast, is the person signing a document, such as a deed, by artifice, trick, or device, but the actual document itself, it's a deed. The different lies, the difference lies, and grimes and lies touch upon this, in what the person thought he was signing at the time of the execution of the document because of the fraudulent representation by the other. Now, the question is, was he fraudulently induced? Page 7 of the Bankruptcy Court's decision states, and I quote, the deed was the result of fraudulent inducement because the debtors thought—the debtors stated that he knew he was signing a deed but was unaware that the property would be transferred to lease. However, the Bankruptcy Court's decision is erroneous. Genuine, right? The signature was genuine, Your Honor, but obtained through forgery and or false pretenses. The—if the Court has no other questions. All right. Thank you. We'll reserve. And now we'll move to the last argument of the day.